
# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-14-423

| | |
|---|---|
| **J.J.** | **Opinion Delivered** November 5, 2014 |
| APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. JV-2012-370] |
| V. | |
| STATE OF ARKANSAS | HONORABLE WILLIAM LEE FERGUS, JUDGE |
| APPELLEE | AFFIRMED |

**ROBIN F. WYNNE, Judge**

J.J. appeals from an order of Juvenile Division of the Craighead County Circuit Court revoking his probation and committing him to the Division of Youth Services. He argues on appeal that the evidence presented by the State was insufficient to support the trial court's decision. We affirm.

In January 2013, appellant was adjudicated delinquent on a charge of battery in the second degree and placed on probation for a period of twelve months. In April 2013, an amended order of probation was entered that extended appellant's probation until April 2014 and also required him to enter treatment at a residential facility and comply with the program. In June 2013, the State filed a petition in which it alleged that appellant had violated the terms of his probation by failing to comply with the residential program. Among the examples of noncompliance were allegations that appellant had disrespected staff, threatened staff, refused

SLIP OPINION

to follow directions, exhibited physically and verbally aggressive behavior, and kicked other patients. Appellant's probation was revoked; he was ordered to serve five days in detention, then return to residential treatment and cooperate with the rules of the program. Appellant's probation was transferred to Washington County. The Juvenile Division of Washington County Circuit Court ordered appellant to successfully complete residential treatment and follow the rules of the treatment facility.

The State filed a petition to revoke appellant's probation on February 13, 2014, alleging that he had been terminated from a treatment facility called Piney Ridge for, among other things, defiance, aggressive behavior, and theft from staff and other patients. Appellant's probation was transferred back to Craighead County in February 2014. The Craighead County Circuit Court found probable cause to detain appellant pending a hearing on the petition to revoke.

At the hearing, Safari Moore, a case coordinator at Piney Ridge, testified that appellant had been doing well in the program until November 2013, when his behavior began to "digress." According to Ms. Moore, appellant became defiant, as well as aggressive and assaultive toward staff and other patients. Appellant threatened staff and injured a staff member by head-butting him. There was also an incident in which appellant printed pornography while at the facility. Ms. Moore testified that when she asked appellant why his behavior changed, he would shrug his shoulders and say that he would do better. Valerie Whitman, appellant's primary therapist, testified that appellant's behavior required physical and chemical restraints. She also testified that appellant had been caught with stolen items.

Ms. Whitman stated that appellant had been diagnosed with major depressive disorder and post-traumatic stress disorder. He was prescribed medication while at the facility, and his medication had changed in August and November 2013. His medication was not reconsidered after his behavior became disruptive.

After the State rested, appellant moved for a directed verdict, which was denied. Appellant testified that he had been picked on while at Piney Ridge. He stated that he began to retaliate because he was provoked and picked on due to his personality. Appellant renewed his motion and it was denied a second time. The trial court found that appellant violated the terms of his probation. The trial court then committed appellant to the Division of Youth Services. This appeal followed.

Appellant argues on appeal that the trial court erred by denying his motion for a directed verdict. Under Arkansas Code Annotated section 9-27-339(e) (Repl. 2011), a juvenile court may revoke a juvenile's probation if it finds by a preponderance of the evidence that the juvenile violated the terms and conditions of probation. The State need only show that the appellant committed one violation in order to sustain a revocation. *M.L. v. State*, 2013 Ark. App. 130. On appeal, the juvenile court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Id*. Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, appellate courts defer to the trial judge's superior position to gauge these matters. *Id*.

Appellant argues in his brief that he was doing well in the program at Piney Ridge

3

until his medication was changed in November 2013. It appears that appellant is arguing that his various violations of the rules at Piney Ridge were excusable due to the medication change. We disagree. While there was testimony at the hearing that appellant initially did well in the program, and there was also testimony that the medication he took for his mental illnesses changed in November 2013, there was no evidence whatsoever linking the medication change to the deterioration of appellant's behavior. There was no testimony from appellant's therapist that his new medication regimen caused any negative change in his behavior. Instead, the State produced evidence that appellant displayed increasingly violent and disruptive behavior that appellant himself attributed to being "picked on," not to any change in his medication. The State produced sufficient evidence for the trial court to reasonably conclude that appellant violated the terms of his probation by failing to comply with the rules at Piney Ridge.

Affirmed.

GLADWIN, C.J., and PITTMAN, J., agree.

*Paul J. Teufel*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.